IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RHONDA L. HUTTON, O.D. *et al..*,** Plaintiffs | * | |
| | * | |
| v. | | **CIVIL NO. JKB-16-3025** |
| | * | |
| **NAT'L BD. OF EXAM'RS IN OPTOMETRY, INC.,** Defendant | * | |
| **NICOLE MIZRAHI,** Plaintiff | * | |
| | * | |
| v. | | **CIVIL NO. JKB-16-3146** |
| | * | |
| **NAT'L BD. OF EXAM'RS IN OPTOMETRY, INC.,** Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court's earlier orders granting Defendant's motions to dismiss for lack of subject-matter jurisdiction (16-3025, ECF No. 20; 16-3146, ECF No. 16) were vacated by the United States Court of Appeals for the Fourth Circuit in the consolidated appeals of Nos. 17-1506 and 17-1508. The cases were thus remanded for further proceedings. (16-3025, ECF No. 26; 16-3146, ECF No. 21.)

In a similar case, *Liang v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, Civ. No. JKB-17-1964 (D. Md.), the Court relied upon the Fourth Circuit's opinion in *Hutton v. Nat'l Bd. of Exam'rs in Optometry, Inc.*, 892 F.3d 613 (4th Cir. 2018), to determine that the plaintiffs there had standing and, consequently, denied Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (17-1964, ECF No. 40.) Additionally, the Court considered Defendant's motion to dismiss for failure to state a claim for relief and denied the motion, but

noted that the Court would depend upon facts developed in discovery and "more precisely focused arguments" to decide the merits of the case's various claims. (*Id.*)

No meaningful distinction can be found, at this stage of proceedings, between *Liang*, on the one hand, and *Hutton* and *Mizrahi*, on the other hand, as to the merits of Defendant's motions to dismiss for failure to state a claim for relief. Consequently, the Court will deny the motions for the same reasons stated in *Liang*.

It is noted that in the instant cases, Defendant has alternatively moved to strike the class allegations as well as certain allegations that Defendant asserts are scandalous and impertinent. In regard to the former concern, it is premature to consider the sufficiency of the class allegations; the issue will be better considered upon full briefing of a motion for class certification. As for the latter contention, the Court may well view the complaints as far exceeding the mandate of Rule 8(a) to provide a short and plain statement of facts showing an entitlement to relief, but Defendant's view that the many extraneous allegations are also scandalous and/or prejudicial is not shared by the Court.

Accordingly, Defendant's motions to dismiss or, in the alternative, to strike (16-3025, ECF No. 11; 16-3146, ECF No. 9) are DENIED. Defendant SHALL ANSWER in the time accorded by Rule 12(a)(4)(A).

DATED this 2 day of October, 2018.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge